### RICHARD B. DORSEY *vs.* STATE use PANNELL. *December*, 1832.

In an action upon a testamentary or an administration bond, by a creditor of the testator or intestate, it is necessary to allege a compliance with the provisions of the act of 1720, *ch.* 24, *sec.* 2.

The plaintiff must aver, and prove, a return of *non est inventus* on a *capias ad respondendum*, against the executor or administrator, by the sheriff of the county in which such executor or administrator lives; or a return of *nulla bona*, on a *fi. fa.* by the sheriff of the county in which the effects of the testator or intestate lie; or other apparent insolvency of the executor or administrator. And where the plaintiff relies upon the return of *non est*, &c. his cause of action should be alleged to be the same debt, for which the *capias ad respondendum*, stated in the declaration, was sued out to recover.

The allegation, that a writ of *ca. ad. res.* was sued out and returned in the county where it appeared from the proof the intestate lived, and letters were granted, and where in fact the administrator was sued upon the administration bond, will not suffice.

Upon a general demurrer, the court renders judgment against the party who commits the first error in pleading.

Where the County Court sustained a general demurrer to one of the defendant's pleas in bar, and the plaintiff obtained a verdict upon certain issues joined upon other pleas in bar, the court upon appeal, though the plea demurred to was defective, reversed the judgment of the County Court for error in the declaration; final judgment, however, was not rendered upon the demurrer, but a *procedendo* was awarded to re-hear the cause.

APPEAL from *Montgomery* County Court.

This was an action of *Debt*, brought by the appellant against the appellee, on the 27th January, 1830, on a bond

executed by the appellant, as administrator of *William H. Dorsey*, deceased, dated 24th January, 1819, with *Clement Dorsey* and *R. E. Dorsey* as his sureties.

The declaration, after reciting the bond and its condition, (which is in the usual form of administration bonds,) averred, that that the deceased, on the 22d of June, 1818, executed his promissory note to *Pannell* for $480, payable in six months from its date, whereby he became indebted to him in that amount; which, though frequently requested, he had in his life-time always refused to pay, nor hath the defendant, his administrator, since his death, paid the same, or any part thereof to the plaintiff, though often requested so to do. That after the death of the said *Wm. H. Dorsey*, and after the making of the writing obligatory aforesaid, by the said defendant, the plaintiff. sued forth the writ of the State of *Maryland*, of *capias ad respondendum*, out of the County Court of *Montgomery* County, on the 26th October, 1829, against the said defendant, administrator of the said *Wm. H. Dorsey* deceased, whereby the sheriff of said county was commanded to take into his custody the body of the said defendant, administrator as aforesaid, if to be found in his bailiwick, &c. (reciting the writ.) That at the return day of said writ, the sheriff of said county returned, that the defendant, administrator as aforesaid, was not to be found in his bailiwick. And so the plaintiff says, that the defendant, as administrator as aforesaid, hath not in all respects discharged the duties of him required by law, as administrator as aforesaid, &c.

The defendant pleaded, 1. General performance. 2. *Non assumpsit*. 3. That the said defendant did not at any time within the three years, next before the day of impetrating the original writ in this cause, or the day of the impetration of the writ in the declaration mentioned, to to which return was made of *non est inventus*, undertake or promise, in manner or form, as the said State hath complained, and this the said defendant is ready to verify.

Issue was joined on the plea of *non assumpsit*, and demurrers, in which the defendant joined, were filed to the first and third pleas.

The County Court ruled the demurrers good, and refused the defendant's prayer to amend the plea of limitations.

1. At the trial the plaintiff read in evidence to the jury the following promissory note, having proved the hand writing of the maker.

"*Brookville,* Jan. 22d, 1818.

$480.—Six months after date I promise to pay *Edward Pannell,* or order, four hundred and eighty dollars, value received. *Wm. H. Dorsey.*"

The defendant objected to the admissibility of the same, under the plaintiff's declaration, as not corresponding with the note therein described. But the court, (Dorsey Ch. J., and Kilgour, and Wilkinson, A. J.,) overruled the objection, and permitted the note to be read to the jury.

The defendant excepted, and the verdict and judgment being against him, he brought the present appeal.

The cause was argued before Buchanan, Ch. J., Earle, Martin, and Archer, J.

*V. H. Dorsey,* for the appellant, contended.

1. That the declaration is defective, in not alleging that it was for the recovery of the same money, for the recovery of which, the original *capias* issued. 2. It is defective also, in not averring that the defendant was a resident of *Montgomery* county. 3. There is no evidence that the drawer of the note was the defendant's intestate. He referred to the act of 1720, *ch.* 24. *Laidler vs. The State,* 2 *Harr. and Gill,* 277. *The State vs. Cox, Ib.* 382. 2 *Evan's Harr.* 181.

*Gill,* for the appellee.

1. All the proceedings took place in *Montgomery* county, and the legal inference consequently is, that *Dorsey,* the defendant, resided in that county. *Shivers vs. Wilson,* 5 *Harr. and Johns.* 132. There is nothing in the act of 1720 which makes an averment of residence necessary. It is

sufficient that the writ be sued out in the county, where the effects of the deceased are, and the law presumes they are, where administration was granted. The third section allows the whole subject to be given in evidence without any averment; and the several facts required to be proved, being more particularly within the knowledge of the defendant, less certainty in pleading is required. 1 *Chitty's Plead.* 177. *Iglehart vs. State, use of Mackubin,* 2 *Gill and Johns.* 235.

2. The record shows that the debt, upon which the *capias* was sued out, was due from *Dorsey* to *Pannell,* and no other debt is shown to exist. The debt now attempted to be recovered, could have been recovered under the first writ. The cause of action in both cases is the same to a common intent. 2 *Evans' Harris,* 183.

3. The proof that the note was in the hand writing of the intestate of the appellant, is sufficient evidence of identity. But this point is not raised by the exception.

*Johnson,* in reply.

The act of 1820, *ch.* 24, places the principal and surety in a testamentary or administration bond, on the same footing. They are both liable in the same way, and to the same extent. The law intended that the bond should not be sued until proceedings had been had, to recover the money from the administrator, or out of the effects of the deceased, or unless there was some apparent insolvency in the estate, or the administrator, and *the pleadings* must show the right to sue the bond. *Laidler vs. The State,* 2 *Harr. and Gill,* 277. A compliance with the act is a condition precedent which must be *averred,* as well as proved. The act says, that the *capias* shall issue in the county in which the administrator *resides,* and it is as necessary to aver the fact of *residence,* as the fact of issuing, and the forms are so. 2 *Evans' Harris,* 182. There is nothing in the declaration to show that the administrator resided in the county in which the *capias* issued, nor can it be inferred from the fact that the administration was granted there, re-

sidence not being a qualification to the obtaining of letters. Nor can such an inference be deduced from the fact of his being a resident of the county where the present action was commenced. But even if such inferences were legitimate, still the pleadings must contain the necessary averments. When an averment is essential, it must be stated expressly, or facts must be stated, from which the matter necessary to be averred, *must* be inferred. 1 *Chitty's Plead.* 228, 308, 315. *King vs. Horn, Cowper,* 683. Suppose the defendant had demurred to this declaration, it would have admitted nothing more than the *facts* alleged, or those which necessarily resulted from the positive averments. All the facts averred in this declaration might be true, compatibly with the non-residence of the defendant, at the time the *capias* issued. The third section of the act cannot aid the plaintiff, for the conditions prescribed by the first section must be complied with. In construing an administration bond, the court will regard it, as if the act of 1720, *ch.* 24, had been set out in the condition, and if that was done, the plaintiff would be bound to aver affirmatively, every fact essential to his right to sue. This principle was decided in the case of the *Union Bank vs. Ridgely,* 1 *Harr. and Gill,* 324. The proof cannot extend beyond the averment, and, consequently, if the plaintiff is right, he may recover without proving that the defendant resided in *Montgomery* county at the time the *capias* issued, which the act prescribes, as an indispensable pre-requisite to suing the bond. Upon looking to this declaration, *Dorsey* could not have known that an attempt would be made to prove that he resided in *Montgomery* county, when the *capias* issued. 2. It does not appear that the first suit was instituted to recover the same cause of action. The argument on the other side admits, that the former *capias* must have issued to recover the same debt, as that now sued for. And although it may be true, that the facts contained in the declaration might be sufficient *to prove* such an averment, yet that does not dispense with the averment itself. 3. There is not

sufficient evidence that the person who executed the note, and the intestate of the defendant, are the same parties.

BUCHANAN, Ch. J., delivered the opinion of the court.

This action was brought on an administration bond against *Richard H. Dorsey*, the appellant, (who is the administrator of *Wm. B. Dorsey*,) to recover the amount of a promissory note, given by the intestate, *William H. Dorsey*, to *Pannell* the appellee.

The appellant pleaded, 1st, general performance of the condition of the bond ; 2d, *non assumpsit;* and 3d, the statute of limitations.

There were demurrers to the first and third pleas; and issue was joined on the second, at the trial of which, an objection was made by the appellant, to the admissibility of the promissory note, which was offered in evidence—and the court having overruled the objection, and permitted it to go to the jury, an exception was taken to the opinion of the court.

The only point raised in the argument here, on the bill of exceptions, is, that there is no evidence to show, that the maker of the note produced, was the appellant's intestate. But there is nothing in the objection.  The note is signed by *Wm. H. Dorsey,* which (in the language of the statement,) was proved to be "the hand writing of the maker." If there was any other *Wm. H. Dorsey,* than the appellant's intestate, the appellant should have shown it; but that not appearing, proof that it was in the hand writing of *Wm. H. Dorsey,* was sufficient to show that the *maker* was the appellant's intestate.   Looking however to the bill of exceptions, that would not seem to have been the point of objection below, but it appears to have been, that the note offered in evidence did not correspond with the note described in the declaration, which rests upon no better foundation.

The demurrers to the 1st and 2d pleas, were both sustained by the court, and it is conceded, properly sustained; but however defective these pleas may be,

as the demurrers according to the established rule, carry us up to the first fault, we are driven to look into the declaration, to see if there is a sufficient cause of action stated, to entitle the appellee to recover; or enough stated to have entitled him to sue the administration bond. Whatever is necessary to give a plaintiff a right to sue, must be averred in the declaration, and it is not sufficient to show it in evidence alone, as the recovery must always be upon the case made in the pleadings. By the act of 1720, *ch.* 24, *sec.* 2, it is provided, "that it shall not be lawful for any creditor or creditors, to prosecute any administration, or testamentary bond, for any debt or damages, due from, or recovered against any testator, or intestate, or their effects, before a *non est inventus* on a *capias ad respondendum,* be returned against the executor, or administrator, or a *fieri facias* returned *nulla bona,* by the sheriff of the county where such executor or administrator lives, or where the effects of such deceased lie, or such other apparent insolvency, or insufficiency of the person, or effects of such executor, or administrator, as shall, in the judgment of the provincial court that hears the cause, render such creditors remediless by any other reasonable means, save that of suing such bonds."

Thus then, before a creditor can be entitled to institute a suit upon a testamentary, or administration bond, for the recovery of any debt or damages, due from, or recovered against any testator, or intestate, or his effects, there must be a return of *non est inventus* on a *capias ad respondendum,* against the executor or administrator, by the sheriff of the county in which such executor or administrator lives; or a return of *nulla bona,* on a *fieri facias,* by the sheriff of the county in which the effects of the testator or intestate lie, or other apparent insolvency, &c. And as, to entitle a creditor to bring suit on a testamentary or administration bond, one or the other of the requsites must have occurred before the bringing of the suit, it is incumbent on the plaintiff to aver it in his declaration, otherwise, he does

not show that, which is a pre-requisite to his title to sue, and without which, he cannot be *rectus in curia.* It is just as necessary as an averment of performance of a condition precedent is, in a declaration in an action of covenant.

A plaintiff must in his declaration show himself entitled to sue, by showing that which alone gives the right, otherwise he does not show himself entitled to recover.

In this case there is no averment of the insolvency, &c. of the appellant, the administrator of *Wm. H. Dorsey*; no averment of a return of *nulla bona* on a *fieri facias,* by the sheriff of the county in which the effects of the intestate lie, nor is there the averment of the return of a *non est inventus,* on a *capias ad respondendum,* against the administrator of the intestate, *Wm. H. Dorsey,* by the sheriff of the county in which the administrator lived. There is indeed a statement of a return of *non est inventus* on a *capias ad respondendum,* against the appellant, the administrator of *Wm. H. Dorsey,* by the sheriff of *Montgomery* county, before the institution of this suit; but it is not stated that the administrator lived in *Montgomery* county. And for any thing alleged in the declaration, he might both at the time of suing out, and of the return of the *capias ad respondendum,* have been living in any other county in the State, or any where else. Nor is the debt which this suit was brought to recover, alleged to be the same debt for which the *capias ad respondendum* stated in the declaration was sued out. And neither of the pre-requisites of the act of assembly being averred, the appellee has not made such a case in his declaration, as entitles him to recover, no matter what the facts may be.

This question upon the construction of the act of 1720, *ch.* 24, is not now for the first time, brought before this court. In *Laidler's Adm'r vs. State use of Hawkins,* 2 *Harr. and Gill,* 277, it was decided, that in a suit by a creditor upon a testamentary bond, the proceedings should disclose a compliance with that act.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.