ERASMUS WEST *vs*. WILLIAM O. CHAPPELL, *Adm'r of* WIL-
LIAM WEST.—*December*, 1847.

Upon a single bill payable to *W*., administrator of *R*., the administrator of *W̄*.
    may declare and recover against the obligor.

The administrator *de bonis non* of *R*. would have no right to such a single bill,
    until the Orphans court, under the act of 1820, ch. 74, sec. 3, upon applica-
    tion, had directed the administrator of *W*. to deliver such bill to him.

That act impliedly clothed the Orphans court with authority to enquire, as pre-
    liminary to such an order, into the fact, whether the property claimed was
    or not administered.   Until the order was passed, the title to the bill
    remained in the executor or administrator of the deceased administrator,
    the obligee.

But even after an order for the delivery of such a single bill, a suit upon it must
    be brought in the name of the legal representative of the obligee, for in him
    the legal title would remain; no authority being given by the act to sue in
    any other name.

If the fund represented by the single bill had been administered, it would be
    unjust to the obligee's estate to order it to be delivered up to the adminis-
    trator *de bonis non* of *R*.

APPEAL from *Montgomery* County Court.

This was an action of *debt*, brought on the 8th November,
1842, by the appellee against the appellant.

The plaintiff declared on a single bill, following its descrip-
tion precisely, *viz* :

$217 98.   Six months after date I promise to pay *William
West, administrator of Richard West*, the sum of two hundred
and seventeen dollars and ninety-eight cents, current money,
with interest from date, for value received, as witness my hand
and seal this 4th Nov'r, 1833.     ERASMUS WEST. (Seal.)

And alleged that the said writing obligatory in the declaration
mentioned, was taken and received by the said *William West*, as
administrator of *Richard West*, late of said county, deceased,
and after the making thereof the said *William West*, administra-
tor of *Richard West*, departed this life, without having adminis-
tered all the assets of the said *Richard*, and had the said writ-
ing obligatory to the time of his death in his possession unad-
ministered as a part thereof, and after the death of the said *Wil-
liam West*, administrator of said *Richard*, letters of administra-

tion on the estate of said *Richard,* which were unadministered by the said *William,* were duly granted by the Orphans court of the county aforesaid, to the said defendant, and letters of administration on the estate of the said *William* were granted by the Orphans court of the county aforesaid to the said plaintiff, and this, &c.

The defendant, after *oyer* granted of the said single bill, demurred generally to the declaration, in which the plaintiff joined. The court rendered judgment for the plaintiff, and the defendant prosecuted this appeal.

The cause was argued before ARCHER, C. J., CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By BREWER for the appellants, and

By CARTER for the appellee.

The act of 1820, ch. 174, sec. 3, declares that whenever letters of administration *de bonis non* have heretofore or may hereafter be granted by the Orphans court, the said court is hereby authorized on the application of the administrator *de bonis non* to pass an order directing the executor or executors, administrator or administrators, as the case may be, of the deceased executor or administrator, to deliver over to the administrator *de bonis non* all the bonds, notes, &c. which the deceased executor or administrator may have taken, received or had as executor or administrator at the time of his death, &c.

ARCHER, C. J., delivered the opinion of this court.

No right to the single bill upon which this suit is brought, would vest in the administrator *de bonis non* until the action of the Orphans court was had in pursuance of the act of 1820, ch. 174. That act, in authorizing the Orphans court to pass an order for the delivery over to the administrator *de bonis non* of the property therein described, impliedly clothed that court with authority to enquire, as preliminary to such order, into the fact, whether the property was administered, or unadministered. It is to be remarked, that the act does not vest the title

to such property in the administrator *de bonis non;* nor does it give the right of possession to him, except upon the order of the Orphans court. The act is evidently founded on the idea that the property therein described may be unadministered property, but it does not treat it absolutely as such, the Orphans court being authorized, not directed, to pass the order on application. Until such order is obtained from the Orphans court, upon examination had by them, the title remains in the deceased executor or administrator, who alone is capable of sueing on the note. And, indeed, even after an order for the delivery of the single bill, he could not sue in his own name as administrator *de bonis non,* but must use the name of the executor or administrator of the deceased obligor, for in him would remain the legal title, no authority being given by the act to sue in his own name.

Any other interpretation of the act of 1820, ch. 174, than that which we have given to it, would, in many cases, work the greatest injustice. For, if the evidences of debt, &c. which the deceased executor or administrator may have received, or had as executor, shall absolutely pass over to the hands of the administrator *de bonis non,* without enquiry in all cases, then even where such executor or administrator may have closed his accounts in the Orphans court, and finally settled his accounts and distributed the assets, his estate would be made to surrender all evidences of debt taken by him in the course of his administration, and which at his death may have been on hand. A construction which would lead to such results *could* not be sanctioned.

**JUDGMENT AFFIRMED.**