## Thomas Parkin Scott, Survivor of George Gordon Belt, *vs.* The State of Maryland, use of Jeremiah Ducker.

If the fact that a surety in a trustee's bond became such at the instance and request of the plaintiff, could be regarded as a good defence, it is not *available in an action at law* on the bond, and is no bar to the plaintiff's recovery in such a suit.

It is usual and proper for parties interested in the settlement of the estate to be consulted by the court in regard to the appointment of the trustee ; and it is no objection to a trustee's bond that he was selected at the instance of the plaintiff, who was one of the parties so interested.

Where a party acts for another in the two-fold character of solicitor and trustee, and receives money in the latter capacity, it is not by operation of law, *eo instanti*, transferred to his hands as solicitor. Such a doctrine would be attended with serious results, and is unsupported by principle or authority.

In all cases arising upon demurrer the court will mount up to the first material error, if there be any, in the pleadings and determine the cause on that error.

The practice, in suits upon bonds with collateral conditions, to assign the breaches in the replication and not in the declaration, has so long prevailed without objection in any of our courts, that it may now be regarded as the settled law of the State.

It is not necessary in order to sustain a suit upon a trustee's bond, that each creditor should serve on the trustee an authenticated copy of the auditor's account and ratification thereof, and make formal demand of the sum therein due him. It is enough that the trustee *knows* that the account has been audited and confirmed, and in such case a party may sue on the bond immediately after he has made demand for what is due him.

In a suit upon a trustee's bond the replication, after averring that the auditor had stated an account which had been duly confirmed by the court, averred, " that the trustee having been frequently called upon by the plaintiff for the *amount* of the audit aforesaid, was requested by the plaintiff to pay the same as he was bound to do, but the said trustee refused," &c. Held :

That this replication was insufficient, because it did not aver that the trustee *had notice* of the account and its ratification previous to the demand by the plaintiff.

The averment that the plaintiff demanded payment of the *amount of the audit*, does not necessarily suggest that any reference was made in the demand to the existence of the auditor's report : in pleading, material facts must not be left to inference.

APPEAL from Baltimore county court.

This was an action of *debt* instituted in the name of the State, for the use of Jeremiah Ducker, against the appellant and Geo. G. Belt as sureties in a trustee's bond of one John Scott, who was appointed by Baltimore county court, as a court of equity, trustee for the sale of certain real estate mentioned in the proceedings in a cause in said court. The plaintiff declared generally for the penalty of the bond without assigning breaches. The defendants pleaded general performance, to which the plaintiff filed the following replication :

"And the said plaintiff says, that he, by reason of anything by said defendants in their plea above alleged, ought not to be barred from having and maintaining his action aforesaid against them, because he says that the said John Scott, trustee, mentioned in the said writing obligatory, in his lifetime, by virtue of his said power as trustee, sold the property mentioned in the decree passed in the case in said writing obligatory mentioned, and having received the money for the same, reported the same to Baltimore county court, and had the final order of ratification thereon duly passed. Whereupon the auditor was directed by the court to state an account, which he accordingly did, which said auditor's account was duly confirmed by said court, and which said account shows the sum of $321.05, audited to Jeremiah Ducker, a creditor, for whose use the said suit is instituted. And the said John Scott, trustee as aforesaid, having been frequently called upon by the said Jeremiah for the amount of the audit aforesaid, was requested by the said Jeremiah to pay the same as he was bound to do, but the said John Scott, trustee as aforesaid, wholly refused and neglected to pay the said Jeremiah the amount of the audit aforesaid, or any part thereof, and the same remains wholly due and unpaid to this day, all of which the said plaintiff is ready to verify," &c.

To this replication the defendants rejoined:—1st, that they became securities of the said John Scott at the instance and request of the said Jeremiah; 2nd, that said Scott was appointed trustee at the particular instance and request of the said Jeremiah; 3rd, that at the time when the account was

stated and audited by the auditor, and ratified by the court, the said Scott was the attorney and solicitor of the said Jeremiah, in relation to the said claim of the said Jeremiah in the said cause mentioned; and 4th, payment by the said Scott.

The plaintiff demurred to the first, second and third rejoinders, and took issue upon the fourth. After joinder in demurrer, the cause was continued and the death of Belt suggested. The court then sustained the plaintiff's demurrer to the first three rejoinders, and the fourth rejoinder having been withdrawn by the defendant, an inquisition was ordered and damages assessed to the plaintiff in the sum of $477.08, and costs, upon which judgment was rendered for the plaintiff, from which the defendant appealed.

The cause was argued before Eccleston, Mason and Tuck, J.

*T. P. Scott* for the appellant, contended:

1st. It being conceded by the pleadings that the trustee in the bond was appointed at the request of the plaintiff, and also that the defendant entered into the securityship at the request of the plaintiff, he cannot recover on the bond. 6 *G. & J.*, 256, *Byers vs. McClanahan.*

2nd. It being conceded by the pleadings that Scott occupied the two-fold character of trustee of the court and attorney of the plaintiff at the time the distribution was ordered, the law will imply that so much of the money as afterwards remained in his hands was held by him, not as trustee, but as solicitor of the plaintiff, and the bond does not cover that responsibility. 6 *H. & J.*, 165, *Seegar vs. State.* 7 *H. & J.*, 278, *Henck vs. Todhunter.* 2 *H. & G.*, 378, *Munnikcuyson vs. Dorsett.* 2 *G. & J.*, 97, *Allender vs. Riston. Ib.*, 225, *Watkins vs. State.*

3rd. This case coming up on demurrer, the court will go to the first material error in pleading, which is in the declaration, because it does not disclose that the plaintiff had any interest in, or claim or demand under the bond when the suit

was brought. 1 *G. & J.*, 248, *Kiersted, et al., vs. State.* 5 *H. & J.*, 488, *Seegar vs. State.* 6 *H. & J.*, 44, *Watkins vs. Hodges.* 6 *H. & J.*, 53., *Towson vs. Havre de Grace Bank.* 1 *G. & J.*, 462, *Oyster vs. Annan.* 4 *G. & J.*, 477, *Dorsey vs. State.* 3 *G. & J.*, 377, *Turner vs. Walker.* 11 *G. & J.*, 160, *State vs. Gaither.* 2 *Lord Ray'd*, 1503. 1 *Term Rep.*, 569, 575. 6 *Taunt.*, 645. See also 10 *Coke. Rep.*, 94. 3 *Wilson*, 380. 2 *Burr.*, 772. 10 *Mod.*, 227. 3 *East.*, 484. 1 *Bos. & Pul.*, 640. *Cowp.*, 359. 4 *Johns.*, 213. 2 *Caine's Cases*, 328. 1 *Mees. & Wels.*, 564. 3 *Thos. Co. Litt.*, 436. 3 *G. & J.*, 93.

4th. The second material error in pleading is in the replication, in this, viz:—1st, it does not aver that a copy of the account and order of ratification, and for payment, or any notice of such order, was ever served upon or given to the trustee; 2nd, it does not aver that any demand of payment of said claim was made upon the trustee, *after* passage of the court's order directing such payment. 1 *G. & J.*, 463, *State, use of Oyster, vs. Annan.*

*David Stewart* for the appellee, argued for an affirmance of the judgment, and insisted:

1st. That the practice of assigning breaches in the replication and not in the declaration, has long prevailed in this State, and it is too late now to disturb it.

2nd. The court properly sustained the plaintiff's demurrer to the first three rejoinders of the plaintiff, because the fact that the defendant became surety of the trustee, at the instance and request of the plaintiff, is no sufficient defence to the action on the bond, and even if a good defence, it is not available in an action at law.

3rd. The replication is good. It states that the trustee sold the property and received the money; that he reported the sales to the court, and had the final order of ratification duly passed; that the auditor stated the account, and that this account was duly confirmed by the court, and shows the sum of \$321.05 audited to the plaintiff. It also states that

the trustee was frequently called upon by the plaintiff for the "*amount of the audit aforesaid,*" and requested by the plaintiff to pay the same, and that the trustee refused and neglected to pay the plaintiff the amount of the audit aforesaid. These averments are sufficient to support the action.

MASON, J., delivered the opinion of the court.

This is an action brought on a bond in which the appellant and George G. Belt, since dead, were sureties for a certain John Scott, also deceased, who was appointed trustee by Baltimore county court, to sell certain real estate.

The plaintiff declared generally for the penalty in the bond, without assigning any breaches. The defendant pleaded general performance, to which the plaintiff filed his replication, setting forth the particular breaches of the condition of the bond of which he complained. The appellant in his rejoinder to the plaintiff's replication relies on four grounds of defence, as follows, viz: 1st. That he became security in the bond at the instance and request of the *cestui que use,* the present plaintiff. 2nd. That the trustee was appointed upon plaintiff's recommendation and request. 3rd. That the said trustee at the time and before the account was stated and ratified by the auditor, was the solicitor of the plaintiff in relation to said claim. And 4th. Payment.

To the first three rejoinders the plaintiff demurred generally, which demurrer was sustained by the county court, and forms the ground of the present appeal

The Court of Appeals concur with the county court in sustaining the plaintiff's objections to the defendant's rejoinder.

Conceding, for the sake of argument, (which, *in reality*, we do not by any means intend to do,) that the fact that the defendant became the surety of the trustee at the instance and request of the plaintiff, was a good defence, it is clearly not available *in an action at law,* like the present, and upon that ground, if upon no other, the court was right in not recognising it as a bar to the plaintiff's recovery in the present suit.

Nothing is more common and proper than that parties who

are interested in the settlement of an estate, should be consulted by the court in regard to the appointment of the officer upon whom is to devolve that settlement. We are therefore unable to conjecture any possible objection to the bond in question, growing out of the fact that the trustee was selected at the instance and request of the plaintiff, or how, from that fact it was to be inferred that no responsibility was to attach to the sureties in the bond as respects the plaintiff's claim.

In the third place this court is not prepared to say that where an individual, acting for another, in the two-fold character of solicitor and trustee receives money in the latter capacity, that it is by mere operation of law, *eo instanti*, transferred to his hands as solicitor. Such a doctrine might be attended with the most serious results, and it needs no argument or illustration to show that it is unsupported by principle or authority. The cases cited in support of the proposition relate to the duties and obligations of attorneys to their clients, and the effect of a violation or disregard of those duties and obligations, and have no bearing whatever upon the question we are now considering. That there are some cases, where such a result, as the one contended for in this case, is produced, cannot be denied ; but all such cases depend upon their own special circumstances, and are to be regarded as rather the exception to the rule, than the rule itself.

It is true as contended by the appellant, that in all cases arising upon demurrer, the court will mount up to the first material error in the pleadings, if there be any, and determine the case upon that error. It is urged that the first error in the pleadings in this case is in the declaration, in this, that neither the declaration, nor the bond therein set forth, disclose any facts showing that the *cestui que use*, who is the real plaintiff in this action, had any claim or interest in said bond at the time the suit was instituted : in other words that the declaration was defective because it did not set out the breaches in the condition of the bond, which constituted the basis of the action.

To recognise, at this time, such a proposition would be to disturb a long and well established practice in this State directly the converse of the one now contended for. This step we are not prepared to take. Although there is no decision in Maryland, which we have been able to discover, precisely controlling this point, yet the practice has so long prevailed without objection in any of our courts, that this mode of pleading may now be regarded as the settled law of the State.

In the case of *Sasscer vs. Walker*, 5 *Gill and Johns.*, 102, the same state of pleadings existed as in the present case, though different questions arose out of it. The only reason to be assigned why the point raised in the present case, was not there raised and determined, is because it is to be presumed the court could see no force in it. In that case like the present there was a demurrer to the rejoinder, and Chief Justice Buchanan commences his opinion by the inquiry, which is equally applicable to this case, "Which, then, committed the first fault in pleading, is an inquiry thrown upon us by the demurrer?" If the declaration had been defective, as is here contended it was, it is hardly to be supposed that the defect would have escaped the vigilant eye of the Chief Justice, especially as he started out with the avowed purpose of searching for defects if any existed.

The next and last point to be considered, relates to the manner in which the notice and demand upon the trustee, was averred in the replication. In the case of *The State use of Oyster, vs. Annan*, 1 *Gill and Johns.*, 463, the mode of proceeding in a case like the present, is set out at length and with great precision. That case has so long controlled our practice in Maryland, in this particular, that we would be unwilling, even if we were at liberty, to disturb its provisions. It but remains for us to ascertain whether the requirements of that case have been literally or in spirit complied with in the proceedings now under review. The court think they have not been. In the case of *Oyster vs. Annan*, the rule is laid down in these words: "In the case of an order for distribution and payment, similar to this, to sustain the plaintiff's

suit, it appears to us therefore, that he ought to aver and prove a service of the order on the trustee, and a demand of payment of the sum specified therein; and that without this notice so averred in the proceedings, an action on the trustee's bond cannot be maintained." Now what are the averments on this point, in the replication in the present case? They are, "that the trustee having been frequently called upon by the said Jeremiah Ducker (the plaintiff,) for the *amount* of the audit aforesaid, was requested by the said Jeremiah, to pay the same as he was bound to do, but the said trustee refused," &c. And it is also previously averred, that the auditor had stated an account, and that said account had been duly confirmed by the court.

This court thinks, that the gist of the law was disregarded in this, that it is no where averred in the proceedings that the trustee had notice of the account and its ratification, previous to the demand of the payment of the sum specified therein as due the plaintiff. It is not deemed necessary that each creditor, to lay the foundation of a suit, must serve on the trustee an authenticated copy of the auditor's account and ratification thereof, and make formal demand of payment of the sum therein due him. It is enough, if the trustee has received the money and *knows* that the account has been audited and confirmed. In such a case a claimant can sue on the bond, immediately after he has made a demand for what is due him. But a mere demand of payment, before such a foundation for a demand has been laid, as is the present case, will not gratify the requirements of the law. Nor does the plaintiff's averment in the present case, that he demanded payment of the *amount of the audit*, necessarily suggest even that any reference was made whatever, in the demand, to the existence of the auditor's report. The *amount* may have been demanded, unaccompanied with any statement on what account it was claimed. In pleading, material facts must not be left to inference. The plaintiff's averment being defective in this particular, he cannot recover without amending his pleadings. We will therefore remand the cause under a pro-

cedendo, under the authority of *Neale vs. Clautice,* 7 *Har. &*
*Johns.,* 372, *Dorsey vs. Pannell,* 4 *G. & J.,* 471, and the
case of *Kennerly vs. Wilson,* decided by the present court,
and reported, *ante.,* 245.

*Judgment reversed and procedendo awarded.*