# ABEL D. JAMES and others, *vs.* THE STATE, use of HENRY SHLASAR.

It is no cause for a demurrer to a declaration upon a bond with collateral condition that it does not assign breaches of the condition; the breaches may be assigned in the replication.

APPEAL from Baltimore county court.

This was an action of *debt,* brought by the appellee against the appellants, the securities upon the official bond of a deceased constable. The plaintiff declared generally for the penalty of the bond, without assigning breaches. The defendants demurred to the declaration, but the court overruled the demurrer and gave judgment for the plaintiff, with leave to enquire. Upon this the defendants noted an appeal. After this the breaches were assigned upon the inquisition and final judgment rendered for the plaintiff. The defendants then filed their bond and prosecuted their appeal.

The cause was argued before ECCLESTON, MASON and TUCK, J.

*T. P. Scott,* for the appellant, was stopped by the court.

MASON, J., delivered the opinion of this court.

In this case the plaintiff declared generally upon a constable's bond, without assigning in his declaration any breaches of its condition. The defendants demurred to the declara-

tion, and in argument contended, that it is defective, because it does not set out the cause of action—in other words, because it does not assign the breaches of the condition of the bond of which he complains.

This is the identical question raised and decided in the case of *Scott vs. the State, use of Ducker,* 2 *Maryland Rep.*, 284.

For the reasons assigned in that case, we think the county court were right in overruling the present demurrer.

*Judgment affirmed.*