STATE OF MARYLAND, use of JAMES B. GREEN, Administrator de bonis non cum testamento annexo of ARTHUR McCOURT *vs.* EMILY A. HART, Executrix of SAMUEL HART.

*Pleading and Practice—Demurrer—Defective Declaration—Construction of Art. 50, sec. 109, of the Revised Code.*

G. as adm'r, *d. b. n. c. t. a.* of McC., filed his declaration against H., ex'x of H., to recover a sum of money claimed to be due him, because H's testator, as former executor of McC. had collected such sum of money, and neither he in his life-time had accounted for or distributed the same; nor had H., his ex'x, although requested so to do, since paid over the same to G., adm'r *d. b. n.* of McC. On demurrer, it was HELD:

1st. That the plaintiff had no right to proceed for the recovery of the money sued for in this action, without having first obtained, as required by Art. 50, sec. 109, of the Revised Code, an order from the Orphans' Court for its payment to him.

2nd. That the plaintiff should have averred the passage of such order in his declaration.

APPEAL from the Court of Common Pleas.

This was an action upon the testamentary bond of Samuel Hart, late executor of Arthur McCourt, brought by the administrator *d. b. n. c. t. a.* of McCourt against the executrix of Hart, for the recovery of a sum of money, alleged to have been collected by him as executor of McCourt, but not accounted for or distributed. McCourt died the 1st July, 1857, and Hart qualified as executor on the 7th of the same month. Hart died January 1st, 1879. The appellant having been appointed administrator *d. b. n. c. t. a.* of McCourt, qualified as such in May, 1879,

State, use of Green, Adm'r *d. b. n.* *vs.* Hart, Ex'x.

and instituted this suit on the 8th September, 1880. The case is further stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., ALVEY, ROBINSON, RITCHIE and MAGRUDER, J.

*George E. Nelson* and *James B. Green,* for the appellant.

The law may be regarded as settled in this State, that an administrator *de bonis non* has a right to all moneys remaining in the hands of the previous executor or administrator at the time of his death. *Revised Code, Public General Laws, Art.* 50, *sec.* 109; *Sibley vs. Williams,* 3 *G. & J.,* 52; *Gardner and Hughes, Ex'rs vs. Semmes, Adm'r d. b. n.,* 1 *Gill,* 428; *Lemmon vs. Hall,* 20 *Md.,* 171; *Donaldson, Ex'r vs. Raborg, Adm'r d. b. n.,* 26 *Md.,* 312, &c.

Upon the question of pleading, the objection to the declaration, by reason of the omission of any averment of authority from the Orphans' Court, was not properly presented to the Court below upon demurrer. If the appellee intended to rely upon want of authority in the appellant, from the Orphans' Court, to bring suit, this fact should have been pleaded. The averments of the appellant's fiduciary capacity; of the breach of the condition of the bond, and of the appellee's failure to pay over moneys in the hands of her decedent, made a full and complete case for him. Lack of authority to bring suit could only avail the appellee by plea, and not by demurrer—the presumption being that the appellant had complied with every requirement of the law. It is not necessary to allege facts implied by law, nor matters which would more properly come from the other side. 38 *Md.,* 338; 26 *Md.,* 451; 2 *Gill & J.,* 430.

Under Art. 50, sec. 112, of the Revised Code, any person conceiving himself interested is entitled to a copy of the bond of an executor or administrator, and may put it in suit.

State, use of Green, Adm'r *d. b. n.* *vs.* Hart, Ex'x.

*William H. Brune, Jr.* and *John M. Carter*, for the appellee.

At common law this action would not lie, and the appellant's right to maintain it is derived from the provisions of the Act of 1820, ch. 174, sec. 3, embodied in the Revised Code, Art. 50, sec. 109. This section requires an order of the Orphans' Court as a necessary preliminary to the maintenance of such an action by an administrator *de bonis non.* *West vs. Chappell,* 5 *Gill,* 228 ; *Johnson vs. Farmers' Bank of Maryland,* 11 *Md.,* 412.

The necessary preliminary was not complied with in this case; and the circumstance alluded to in the case of *Johnson vs. Farmers' Bank*—the great lapse of time characterizing the administration of McCourt's estate—justifies the presumption here, as there, that were application now to be made to the Orphans' Court for the requisite authority, it would be refused.

RITCHIE, J., delivered the opinion of the Court.

This appeal is from the decision of the Court below, sustaining the demurrer to plaintiff's declaration.

The appellant, the plaintiff below, claims in his *narr.* that, as administrator *d. b. n.* of Arthur McCourt, he is entitled to recover the sum of $3500, of the executrix of Samuel Hart, deceased, the former executor of said McCourt, because the said Hart as such executor, had collected that amount of money, which neither he in his lifetime had accounted for or distributed, nor his said executrix, although requested so to do, had since paid over to the plaintiff.

The only questions to be determined in disposing of this case are, first : whether as a necessary preliminary to the maintenance of his suit, the plaintiff was required to procure an order by the Orphans' Court, for the payment of the said money to him, under the provisions of the Act of 1820, ch. 174, sec. 3, embodied in the Revised Code, Arti-

cle 50, sec. 109 ; and secondly, whether the passage of such an order should have been averred in his declaration.

That such an order was indispensable to plaintiff's recovery is apparent, we think from the language of the statute referred to. It reads thus :

" The Court shall on the application of the administrator *de bonis non*, order the administrator of a deceased administrator, to deliver over to him all the bonds, notes, accounts and evidences of debt, which the deceased administrator may have taken, received or had as administrator at the time of his death, and also to pay over to him the money in his hands as such, on or before a certain day ; and upon proof of the service of such order, and the neglect or refusal of the administrator to comply therewith by the time therein specified, the Court may order the bond of the deceased administrator, or of the administrator so refusing, or both of them, to be put in suit by the administrator *de bonis non.*"

The construction heretofore given the Act of 1820, ch. 174, sec. 3, by the Court of Appeals clearly establishes the necessity of the order described, to enable an administrator *d. b. n.* to sue in a case like the present one. ,

In *West vs. Chappell,* 5 *Gill,* 228, ARCHER, C. J., in delivering the opinion of this Court in a similar suit, says of this Act of Assembly : " That Act in authorizing the Court to pass an order for the delivery over to the administrator *d. b. n.* of the property therein described, impliedly clothed that Court with authority to enquire as preliminary to such order into the fact whether the property was administered or unadministered. It is to be remarked that the Act does not vest the title to such property in the administrator *d. b. n.;* nor does it give the right of possession to him, except upon the Order of the Orphans' Court. The Act is evidently founded on the idea that the property therein described may be unadministered prop-

erty, but it does not treat it absolutely as such, the Orphans' Court being authorized, not directed, to pass the order on application. Until such order is obtained from the Orphans' Court, upon examination had by them, the title remains in the deceased executor or administrator."

And in *Johnson, Adm'r d. b. n. vs. Farmer's Bank of Maryland*, 11 *Md.*, 414, it was expressly decided that an administrator *d. b. n.* has no right to proceed for the recovery of money belonging to the estate of the intestate, and in the hands of the first administrator at the time of his death, without first obtaining an order from the Orphans' Court, as required by the Act of 1820, ch. 174, through which Act alone his right to maintain an action therefor is derived."

Of similar purport are the cases of *Neal vs. Hagthrop*, 3 *Bland*, 562–3; *Lemmon vs. Hall*, 20 *Md.*, 171, and *Beall vs. New Mexico*, 16 *Wallace*, 542.

We are clearly of opinion, that the plaintiff had no right to proceed for the recovery of the money sued for in this action, without having first obtained an order from the Orphans' Court for its delivery to him.

As to the other ground of the demurrer, that the plaintiff had not averred in his *narr.*, the passage of such an order, it must be held good.

Under the Act of 1820, ch. 174, from which alone the plaintiff's right to proceed is derivable, he acquired no title to the money by force of his mere appointment as administrater *d. b. n.*, nor does that Act confer even the right of possession to it except upon the passage of an order by the Orphans' Court, in the exercise of its judicial discretion after due application and inquiry made.

This order being indispensable to his right of action, and the mere setting out of his special capacity as administrator *d. b. n.* not of itself importing his right to the money, or implying that the Court had so exercised its option as to grant him the order, we think the *narr.* was

State, use of Green, Adm'r *d. b. n. vs.* Hart, Ex'x.

defective. It was a material averment, and, " in pleading, material facts must not be left to inference." *Scott vs. State,* 2 *Md.,* 291, where the omission to aver that the trustee had notice of the audit and its ratification was deemed fatal.

While it is a general rule of pleading that matter which should come more properly from the other side need not be stated, it is indispensable that the party pleading establish a *prima facie* charge or answer. 1 *Chitty on Pl.,* 222. And so *Stephen* in his work on *Pleading,* while reciting the general rules, that it is not necessary to state matter which would come more properly from the other side, nor to allege circumstances necessarily implied, on page 352, lays down this qualification: " But where the matter is such that its affirmation or denial is essential to the apparent or *prima facie* right of the party pleading, there it ought to be affirmed or denied by him in the first instance, although it may be such as would otherwise properly form the subject of objection on the other side."

The judgment below must be affirmed.

*Judgment affirmed.*

(Decided 21st July, 1881.)