(Decided 30th June, 1881.)

---

ANN MARIA GORSUCH, Trustee, and others *vs.* DAVID S. BRISCOE, Trustee.

*Jurisdiction in Equity—Liability in Equity of the Surety of a deceased Trustee who died without Accounting for his trust, for a Balance shown to be due by such Trustee.*

The trustee, under a deed for the benefit of creditors, died without completing his trust, and with funds belonging to the trust in his hands unaccounted for. On the petition of the creditors, a new trustee was appointed by a Court of equity, to complete and settle the trust, and in that capacity he received from the estate of the deceased trustee a part of the trust money appearing from the books of the latter to have been in his hands at the time of his death. The surety on the former trustee's bond conveyed all his property to his wife by deed, and died. On a bill filed by the new trustee against the wife of the deceased surety, to set aside the deed to her, and to have the property so conveyed to her, applied

to the payment of the balance due by the former trustee, it was HELD :  - .

1st. That the appointment of a new trustee to take charge of the trust estate, was but the ordinary exercise of equity jurisdiction.

2nd. That an acceptance by the new trustee of a statement found among the papers of the deceased trustee, showing his receipts and disbursements on account of the trust estate, and the amount due by him to the trust, and the receipt of a dividend from the estate of the deceased trustee by the new trustee, on the faith of said statement, the correctness of said statement being in no way impeached,—was for all practical purposes an accounting in this case between the new trustee and the administrator of the deceased trustee.

3rd. That the liability, however, of the surety in equity, did not rest upon this accounting, but upon the fact that the former trustee died with money in his hands belonging to the trust estate unaccounted for, and before an audit and demand could be made upon him, and his liability, if any, as surety, could not be enforced in an action at law.

4th. That the mode pursued by the new trustee, was the proper one for enforcing said liability.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court. The decree passed by the Court below, (DOBBIN, J.,) and from which this appeal is taken, provided that unless the complainant's claim was satisfied, the deed impeached by the bill should be set aside, and property conveyed by it, sold for the payment of said claim.

The cause was argued before BARTOL, C. J., ALVEY, ROBINSON, RITCHIE and MAGRUDER, J.

*John Johnson,* and *Wm. Shepard Bryan,* for the appellants.

*Charles Marshall,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

In 1872, James A. Eden made a deed of trust for the benefit of his creditors, to the late Judge William Alexander.

The trustee took possession of the property, and died without rendering any account. Among his papers, however, was found a statement in his hand-writing, showing his receipts and disbursements, and by which it appears that he was indebted to the trust estate in the sum of $2743.70.

Upon the petition of the creditors, secured by the deed of trust, the appellee was appointed by the Court of Prince George's County trustee to complete and settle the trust; and in that capacity he received from the estate of the late Judge Alexander $1963.88, leaving a balance of $779.82 due by the former trustee.

In the meantime, Gorsuch, the surety on Alexander's trustee's bond, conveys all his property to his wife, and this bill is filed by the appellee to set aside this deed, and to compel Gorsuch, as surety, to pay the balance due by Alexander, the former trustee.

We can see no objection to the appointment of a trustee by a Court of equity in a case like this for the purpose of settling the trust. The former trustee had died with trust funds in his hands unaccounted for, and the appointment of another trustee to take charge of the trust estate was but the ordinary exercise of equity jurisdiction. So long as there was a trust in existence, a Court of equity would not permit it to fail.

Assuming then that the Court had the power to appoint the appellee trustee, the question is whether Gorsuch is liable in a Court of equity as surety on the bond of Alexander, the former trustee, for money received by the latter, and which was unaccounted for at the time of his death.

In *State, use of Oyster vs. Annan*, 1 *G. & J.*, 455, where an audit was ratified without the knowledge of the trustee, and a number of suits were immediately thereafter brought on the trustee's bond, it was held that an action at law would not lie against the bond, until the ratification of the audit and demand upon the trustee, and upon the ground, that a trustee is not in the situation of a common debtor who knows his liability, and whose business it is to seek and pay his creditors; that the rights of parties under a decree are known to the trustee only through the action of the Court, whose duty it is to determine the amounts to which they are entitled.

But in *Brooks vs. Brooke, et al.*, 12 *G. & J.*, 306, where a delinquent trustee died intestate, and there was no administration, or estate upon which administration could be had, it was held that the sureties on the trustee's bond were liable in equity, although no demand had been made on the trustee in his life-time. After referring to the breach of the bond by the trustee, and the liability of the sureties in an action at law upon the ratification of the audit and demand upon the trustee, the Court say:

"Is it then consistent with reason or equity, that a violated contract, in full force and operation at law, should be discharged by the mere accidental circumstance of the trustee's death, before the final adjudication of the Court upon the claims before it?" The liability of the sureties was sustained, it is true, in that case, on the ground that the parties had no other remedy.

And upon that ground it may be maintained in this case, that is to say, no adequate remedy. A delinquent trustee has died without accounting for the trust estate. No audit of the estate, and no demand was made upon him in his life-time, and Gorsuch as surety was not therefore liable in an *action at law*. How then is his liability to be enforced for a breach of the bond? It was suggested that the creditors under the deed of trust might have

required the administrator of Alexander to have stated an account, showing the exact amount of indebtedness due to each creditor, and upon his failure to pay, they might have brought separate suits on the trustee's bond. If it be conceded, that the surety on the bond would, under such circumstances, have been liable in an action *at law*, without meaning however so to decide, to what litigation and oppressive costs would such a course of procedure have involved the parties. In *Thruston vs. Blackiston*, 36 *Md.*, 502, where the bill was filed by the new trustee against the sureties on the bond of the deceased trustee, it was held, that the sureties were liable *in equity*. In that case, there had been an accounting between the trustee and the administrator of the deceased trustee, but *this accounting* merely ascertained the amount due the trust by the deceased trustee. The jurisdiction of a Court of equity in no manner depended upon this accounting. For all practical purposes it may be said, that there has been an accounting in this case between the appellee and the administrator of Alexander. The statement found among the papers of the latter, showed the receipts and disbursements of the trust estate, and the amount due by him to the trust. This statement was accepted by the appellee as a correct account, and upon the faith of it, he received the dividend upon it from the estate of Alexander. And we do not understand that the appellants impeach in any manner the correctness of this account.

The liability, however, of Gorsuch, as surety, in equity, does not rest upon this accounting, but upon the fact that the former trustee died with money in his hands belonging to the trust estate, unaccounted for, and before an audit and demand could be made upon him, and his liability, if any, as surety, could not be enforced in an action at law.

Entertaining these views, the decree below will be affirmed.

*Decree affirmed.*

(Decided 30th June, 1882.)