THOMAS BERRY vs. SAMUEL HARPER.—*December*, 1832.

It is competent for the court to instruct the jury upon the sufficiency of the declaration in the cause, at the trial.

It is necessary to set out in the declaration a contract binding upon both parties, where the suit is instituted to recover damages for the non-performance of a contract.

A declaration which states an agreement with E (before her intermarriage with H,) and B, that E would sell to B a negro slave belonging to her, for the price of, &c. to be paid when B should be thereto requested, that they mutually promised to observe the said agreement, and that, in pursuance of it, the slave was delivered, shows a contract mutually binding.

Where the verdict was for the plaintiff, and upon the appeal of the defendant, the court reversed the judgment of the County Court, the granting of a *procedendo* depends entirely upon whether the plaintiff, from the facts disclosed by the record, could recover in a second trial. So where the writ was against husband and wife, and the facts proved by the plaintiff showed a cause of action against the husband alone, the court refused a *procedendo*.

An original writ cannot be amended, although subsequent proceedings founded upon it may.

APPEAL from *Prince Georges* County Court.

This was an action of *Assumpsit*, commenced by the appellant against the appellee, and *Elizabeth* his wife, formerly *Elizabeth Magruder*, on the 10th of March, 1831. The death of *Elizabeth* was suggested, whilst the cause was depending in the County Court.

The declaration alleged, that on the —— day of ——, in the year 1827, it was agreed between the plaintiff and *Elizabeth*, the wife of *Samuel*, while she was sole and unmarried, that the said *Elizabeth* would bargain and sell to the plaintiff a certain slave, her property, named *Jack*, for the sum of $200, to be paid when the said plaintiff should be thereto afterwards requested; and the said agreement being so made as aforesaid, afterwards, to wit, &c. at, &c. in consideration that the said plaintiff had faithfully undertaken to the said *Elizabeth*, to do, observe, perform, and fulfil, the said agreement, in all things therein contained, on his part to be done, performed, and fulfilled, the said

*Elizabeth* undertook to the said plaintiff, and then and there faithfully promised to observe, do, perform, and fulfil the said agreement in all things, on her part and behalf, to be observed, done, performed, and fulfilled; and the said plaintiff in fact saith, that although the said *Elizabeth* afterwards, and after the making the said agreement, to wit, on, &c. at, &c. permitted the said plaintiff to take possession of the said slave, and although the said slave did continue and remain in the possession of the plaintiff for a long time, to wit, from the time of making the agreement aforesaid, until the 1st day of May, 1828, yet the said *Elizabeth* and the said *Samuel*, after their intermarriage, not further regarding the promise and undertaking of the said *Elizabeth*, so by her made as aforesaid, did not, and would not permit the said plaintiff to keep possession of the said slave, but took possession of the said slave themselves, and do continue, and hold possession thereof.

The defendant pleaded *non assumpsit*, and issue was joined.

At the trial the plaintiff offered in evidence, that on the 12th of April, 1827, he requested the witness to go to *Elizabeth Magruder*, and purchase of her the negro man in the declaration mentioned, then the property of the said *Elizabeth*, since married to the defendant, *Harper*, and authorised the witness, to offer the said *Elizabeth*, for the said negro, either the sum of $250, or the highest price that could be obtained in the *Alexandria* market. The witness accordingly went to her residence, and made the offer as directed by the plaintiff, when she agreed to take the best price that could be obtained in the *Alexandria* market. The witness further proved that he was authorised by said *Elizabeth*, to ascertain the price in *Alexandria*, and when he ascertained it, (the negro then being in the *Alexandria* jail,) to take him out of jail, and deliver him to the plaintiff. That he went to *Alexandria*, for the purpose of ascertaing the price of said slave in that market, and that the highest price was $200. That thereupon he took the

slave out of jail, carried him to the plaintiff, notified him of what he had been authorised to do by the said *Elizabeth*, and delivered him the slave. That the slave remained in the possession of the plaintiff until some time after the marriage of the defendants, *Elizabeth* and *Samuel*, when he was taken possession of by the said *Samuel*. The plaintiff further proved, that he had after the intermarriage aforesaid, tendered to the said *Samuel* the sum of two hundred dollars, being the price of the said slave, which he refused to accept.

The defendant thereupon prayed the court to instruct the jury, that the plaintiff was not entitled to recover, because, the declaration did not set forth a contract that was mutually binding on the parties to the same—which instruction the court gave. The plaintiff excepted, and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN Ch. J., and EARLE, MARTIN, ARCHER, and DORSEY, J.

*Alexander*, for the appellant, insisted.

1. The declaration does state a contract of mutual obligation. 2. It was not competent to give the jury any instruction whatever, upon the legal sufficiency of the declaration, during the trial of the issue of fact.

*Stonestreet*, for the appellee.

1. The action is rather for a *tort*, than *ex contractu*, but if on the contract, still the declaration shows no mutuality which is fatal. 1 *Chitty Pl.* 298. 2. But if the declaration is good in other respects, still the action cannot be maintained, because the breach is alleged to have taken place, after the marriage of the defendants, and the wife therefore, should not have been joined.

The objection was good upon a motion for a *non suit*. *Aldridge and Higdon vs. Turner*, 1 *Gill and Johns.* 429. 1 *Chitty Pl.* 298. *Turner vs. Walker*, 3 *Gill and Johns.* 377.

MARTIN, J., delivered the opinion of the court.

There is nothing in the objection, that it was not competent for the court to instruct the jury, upon the sufficiency of the declaration at the trial. This doctrine is clearly settled in *Chitty Pl.* 293. *Aldridge and Higdon vs. Turner,* 1 *Gill and Johns.* 427.

We think the court were wrong in the instructions they gave the jury. It is certainly necessary to set out in the declaration a contract binding on both parties, where a suit is instituted, to recover damages for the non-performance of the contract. But that is fully complied with in this case. The declaration states, that there was an agreement between *Elizabeth Magruder,* (before her intermarriage with *Samuel Harper,*) and *Thomas Berry,* that she would bargain and sell to the said *Berry,* a negro slave belonging to her, named *Jack,* for the price of two hundred dollars, to be paid when the said *Berry* should be thereto requested. That they mutually promised to observe the said agreement on their several parts, and that in pursuance of it, *Jack* was delivered to *Berry.* Where is the want of mutuality in the contract? *E. Magruder* sold and delivered *Jack* to *Berry,* and he in consideration thereof promised to pay the purchase money on demand. The judgment therefore must be reversed, and then the question is presented if a *procedendo* should be awarded. This depends entirely whether *Berry,* from the facts disclosed by the record, could recover in a second trial. *Turnpike Co. vs. Barnes,* 6 *Harr. and Johns.* 61.

This suit was brought against the husband and wife. The writ is joint, and if returned cannot be amended, although subsequent proceedings founded on it may. The declaration claims damages for the non performance of the contract made by *Elizabeth Magruder,* whilst she was sole, but the evidence produced *by the plaintiff himself,* shows a full performance of the contract on her part, by a delivery of *Jack* to him. If *Berry* has sustained an injury by the loss of his negro, his remedy is not on the contract, but must be

sought against *Samuel Harper* alone, who, after his inter-marriage with *Elizabeth Magruder*, tortiously took this negro out of the possession of *Berry*. This may be a good cause of action against *Harper*, but cannot subject his wife to a suit. An action against husband and wife cannot be sustained for a *tort* committed by the husband.

JUDGMENT REVERSED.