(Decided 25th February, 1869.)

---

THE BALTIMORE CITY PASSENGER RAILWAY COMPANY *vs.* GEORGE N. WILKINSON.

*Practice — Evidence of Negligence on the part of a Passenger in a Street Railway Car — Contributive Negligence — Correlative obligations of Railway Companies and Passengers — The question of Negligence sometimes a Legal question to be decided by the Court — Evidence — Prayer and Instruction — A Passenger knowingly participating in the Violation of a Rule of a Railway Company, not Entitled to Damages for an Injury occasioned by such Violation.*

It is competent for a party to call the attention of the Court to the pleadings, by prayers presented after the evidence is in, and to ask its judg-

Baltimore City Passenger Railway Company *vs.* Wilkinson.

ment upon their sufficiency or legal effect; but if there be one good count in the declaration, a judgment for the plaintiff will not be reversed, because the others are insufficient.

The plaintiff who was returning from market about nine or ten o'clock at night, accompanied by his wife, ran forward with his market basket on his arm and called to the driver of a street car, which was proceeding on its regular route out Charles street; the driver stopped the car; when the plaintiff got on the front platform, placed his basket thereon, and asked the driver to be so kind as to take it—he assented; the car was immediately started and the plaintiff was thrown off, or fell in attempting to get off and was injured. The plaintiff did not intend to remain on the car as a passenger, but his wife did intend to ride therein; the intention however of neither was communicated to the driver. HELD:

1st. That a regulation of the City Passenger Railway Company, prohibiting passengers from getting on or off at the front end of any car, and requiring them to enter and descend by the rear platform only, is a reasonable regulation, and knowingly to violate it, without the compulsion of some existing necessity, is conclusive evidence of negligence on the part of the passenger; so that, should he sustain an injury in consequence thereof, he will have no right of action against the company, notwithstanding the driver may also have been negligent.

2d. That the circumstance that a driver or conductor may have given permission thus to use the front platform, is immaterial; for the company cannot be bound by the act of their servant in attempting to dispense with a known and positive regulation.

3d. That the responsibility of a railway company for the safe carriage of passengers rests upon contract, and while the law casts certain duties upon the company there is a corresponding obligation upon the passenger to observe the reasonable regulations of the company in entering, occupying and leaving the cars, and, for the consequences of a breach thereof, the company is not responsible. In such case, the question of negligence on the part of the passenger, is a legal question for the Court to decide—unlike the case where the facts from which negligence is to be inferred are controverted, or are numerous and complicated, and where no certain legal rule or standard can be laid down, and where, therefore, the question of negligence is necessarily to be submitted to the jury; and, where there is thus evidence of a breach of legal duty on the part of the plaintiff, causing the accident, and constituting negligence in law on his part, it is error to refuse specific instructions on the subject, even although the jury are correctly instructed in general terms as to the doctrine of contributory negligence. And here, the legal duty imposed upon the plaintiff was clear and well defined, and the failure on his part

to perform it, if found by the jury, would constitute negligence in law which would debar him from the right to recover.

4th. That the fact that a notice of the regulation requiring passengers to enter and to leave the cars by the rear platform only, was put up inside of all the cars, and legible to all who entered them, and the fact that the plaintiff had often previously ridden in the cars, were evidence from which it might be inferred that he had notice of its existence.

5th. That there being no evidence in the cause that the driver had any knowledge of the purpose of the plaintiff's wife to get on the car as a passenger, nor any evidence to charge the defendant by reason of such purpose or intention on her part, a prayer that there was no evidence from which the defendant could be charged with any responsibility on the ground that the plaintiff's wife was to become a passenger on the car in question, ought to have been granted.

6th. That if an accident occur in consequence of violating a regulation of the company which prohibits the conveyance of baskets or parcels unaccompanied by a passenger, the person participating in such violation, and so sustaining injury, will be debarred from recovering therefor, if it be shown that he had knowledge of such regulation.

APPEAL from the Superior Court of Baltimore City.

This action was brought by the appellee to recover damages for an injury done him, through the alleged negligence of an agent of the appellant. The declaration contained five counts, to which the defendant pleaded that "it did not commit the wrongs alleged." Without expressing any opinion as to the sufficiency of the other counts, the Court (MARTIN, J.,) held that a sufficient cause of action was stated in the fifth count which is as follows:

For that the defendant is a corporation owning a railroad on Charles street in Baltimore city, between Read street and the northern limits of said city; and the plaintiff was upon the platform of a car on said road, for the purpose of placing the baggage of his wife thereupon, and his said wife was upon the point of entering said car as a passenger on said railroad, and by reason of the negligence and mismanagement of the driver or servant of the said defendant, the said plaintiff was thrown from the platform of the said car upon which he was standing, and the said car was run against, over and upon the

said plaintiff, whereby he was greatly hurt, and his right arm permanently disabled; and the defendant did not use care in reference to the driving and management of said car, but the plaintiff did use due care.

The plaintiff presented two prayers and the defendant seventeen, all of which the Court rejected, except the second prayer of the defendant, and instructed the jury as follows:

I instruct the jury, that if they shall find from the evidence that the plaintiff stopped the car of the defendant, as offered in evidence, and after said car had been stopped, got on the steps or platform of said car with a market basket, and by himself and his wife, by the permission of the driver and agent of the defendant, for the purpose of securely placing the basket upon the platform, his wife following him with the intention of obtaining a seat in the said car as a passenger, and before he had time to go inside of said car or get off the same, the said car was started suddenly by the agent, driver or conductor of the defendant; and that in consequence of so starting the plaintiff was thrown from the said car and injured, as offered in evidence; and the jury shall further find that in so starting the said car, the agent, driver or conductor of the defendant, did not use such caution, care and diligence as a prudent and careful driver ought to have used, then the jury must find for the plaintiff; unless the jury shall find that the injury inflicted upon the plaintiff might have been avoided by the exercise of ordinary care and diligence on his part; but unless the jury shall find all the facts stated in the preceding part of this instruction to be true, then their verdict must be for the defendant.

If the jury shall find that the plaintiff's own want of due care contributed in any degree directly to the accident in question, so that if he had exercised due care it would not have occurred, then he is not entitled to recover in this action, although the jury shall also find that the driver of the car was guilty of negligence.

To the rejection of its prayers and to the instruction given by the Court, the defendant excepted. The verdict and judgment being for the plaintiff, the defendant appealed.

The cause was argued before BARTOL, C. J., GRASON, MILLER and ALVEY, J.

*Arthur W. Machen,* for the appellant:

Any question of substance, and not of mere form, concerning the pleadings, may be raised by a prayer; and, since the passage of the Act of 1825, ch. 117, the practice has been to raise them in this manner. *Western Bank vs. Kyle,* 6 *Gill,* 352; *Leopard vs. Ches. and Ohio Canal Co.,* 1 *Gill,* 227; *Graham vs. Harris,* 5 *G. & J.,* 495; *Stockton vs. Fry,* 4 *Gill,* 406; *Burgess vs. Lloyd,* 7 *Md.,* 199; *Dorsey vs. Dashiell,* 1 *Md.,* 207; *Berry vs. Harper,* 4 *G. & J.,* 467; *Busby vs. Conoway,* 8 *Md.,* 55.

The right of a party, *before verdict,* to require the Court to look at a particular count and pass upon it irrespective of the sufficiency or insufficiency of other counts, has been fully recognized. *Bull vs. Schuberth,* 2 *Md.,* 57.

While it may be conceded that it is seldom, if ever, possible to lay down an absolute and unbending rule that any particular acts constitute negligence in law; yet where, upon the undisputed facts in evidence, conduct is proved against one party or the other, which was in violation of a plain legal duty, and there is no evidence whatever tending to show any exigency such as could justify such a departure from an apparent duty, the Court may be called on to say that such violation of duty constitutes negligence *prima facie,* and (in the entire absence of evidence tending to remove the *prima facie* case) may instruct the jury to find accordingly.

The plaintiff did not intend to ride on the car, and therefore, *prima facie,* had no right to be there; would the fact (assuming it to be such) that his wife intended to become a

passenger, justify the husband in getting on the platform to deposit his own market basket upon it?

Even if the wife had any inchoate rights as a passenger, the market basket had nothing to do with her in that relation, and was in no proper sense her baggage. And had it been her baggage, the plaintiff was not justified in getting upon the car with it—more especially in advance of her, and unaccompanied by her.

A rule of the Passenger Railway Company, known to every intelligent person in Baltimore who is accustomed to make use of their cars, and posted conspicuously in all the cars—knowledge of it being necessarily brought home to the plaintiff, who had often ridden in them before, requires all persons using any car to get on or off *by the rear platform only*. An observance of this judicious and easy regulation will almost exclude the possibility of accidents of a serious nature from the use of vehicles moving in straight lines at a rate not exceeding five or six miles an hour. Had it been observed by the plaintiff, the injury which he alleges could never have occurred. That the plaintiff's violation of this plain and reasonable rule of the company was inexcusable is manifest; and, under the undisputed circumstances of the case, it was negligence, and having directly entered into the accident, the plaintiff, conceding all the evidence offered on his own side, is not entitled to recover. *Pennsylvania R. R. Co. vs. Ogier*, 35 *Penn.*, 71 ; *Pennsylvania R. R. Co. vs. Zebe*, 33 *Penn.*, 326, 327.

*William S. Waters*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

Since the decision of the case of *Leopard vs. The Chesapeake and Ohio Canal Co.*, 1 *Gill*, 222, followed by *Stockton vs. Frey*, 4 *Gill*, 406, and by a number of other cases, all recognizing the same rule, it must be considered as settled that where a prayer is asked, or an instruction is granted to

a jury upon the evidence or facts in the cause merely, without reference to the pleadings, the appellate Court is precluded by the Act of 1825, ch. 117, (Code, Art. 5, sec. 12,) from considering the state of the pleadings. But it has always been competent for a party by a prayer properly framed, to call the attention of the Court to the pleadings, and to ask its judgment upon their sufficiency or legal effect; the rule being that every suitor must recover according to the *allegata* and *probata*. *Berry vs. Harper,* 4 *G. & J.,* 467; *Bull vs. Schuberth,* 2 *Md.,* 57; *Burgess vs. Lloyd,* 7 *Md.,* 199; *Busby vs. Conoway,* 8 *Md.,* 55.

In this case the declaration contains five counts; and the appellant, the defendant below, by several prayers directed to that end, called on the Court to pass judgment upon the legal sufficiency of each of the counts; if any of them were insufficient, it was error to reject the defendant's prayers raising that question. But it does not follow necessarily that such error would be cause for a reversal of the judgment, it being well settled that a judgment will not be reversed, unless it appears by the record that the appellant has been, or may have been, injured by the ruling of the Court below. *Ramsay, et al. vs. Glass,* 9 *Gill,* 56. To apply this rule to the present case, it is obvious, if there is one good count in the declaration, the question of the sufficiency of the other counts would not be material, and although they were not good in law, the defendant could not be injured by the refusal of the Court so to pronounce. The plea to all the counts being the same, "that the defendant did not commit the wrongs alleged," which is equivalent to the general issue of " not guilty." If there be one good count in the declaration, the judgment would not be reversed, because the others might be insufficient. *Code, Art.* 75, *sec.* 8.

In our opinion the fifth count of the declaration in this case, states a sufficient cause of action; it is not material, therefore, to express any opinion upon the sufficiency or insufficiency of the other counts.

In disposing of the case, we shall confine our attention to the instructions given by the Court below to the jury, and to to the third, fourth, fifth, sixth and seventh prayers of the defendant, which were refused.

To understand more clearly the material questions in the case, it seems to be necessary to state somewhat in detail the facts disclosed by the evidence. The suit was brought by the appellee, to recover damages for an injury suffered by him, through the alleged negligence of defendant's agent. The defendant is a corporation engaged in the business of running upon the streets of Baltimore, railway cars drawn by horses, for the transportation of passengers only. The proof shows that no baskets or parcels are allowed to be carried separately from the person of a passenger, but passengers have the privilege of carrying moderate parcels with them on the cars, paying a small additional fare when any unusually large parcel is carried. It appears from the evidence that about 9 or 10 o'clock at night, when one of the passenger cars of the defendant, drawn by one horse, was proceeding on its regular route, the plaintiff who was on the street returning from market with his wife, ran forward with his market basket in his hand and called the driver who stopped the car; when the plaintiff got on the front platform, placed his basket thereon and asked the driver to be so kind as to take it, to which the driver assented, the car was started immediately and the plaintiff, as testified by himself, was thrown off the car and injured; or according to other testimony in attempting to get off the car while in motion, fell and was injured.

The evidence shows that the plaintiff did not intend to continue on the car as a passenger, but his purpose in that regard was not communicated to the driver; his testimony was, that it was the intention of his wife to get in the car as a passenger; there is no evidence however that such intention was made known to the driver, or in any manner indicated to him by any visible movement on her part, she being left

behind at some distance from the plaintiff, when he deposited the basket on the platform of the car.

The evidence showed that by one of the regulations of the railway company, intended for the safety of passengers, persons using the cars are prohibited from getting on or off at the front end of any car; but are required to enter and descend by the rear platform only, and that notice of such regulation is put up inside of all the cars legible by all who enter them. There was proof that the plaintiff had often ridden in the cars, from which it might be inferred that he had notice of the regulation of the company in that respect.

Upon this state of facts the defendant relied on several grounds of defence. By the sixth prayer the Court was asked to say that the regulation, that passengers shall not get on or off any car by the front end is a reasonable one, and if the plaintiff knowingly violated said regulation, it was conclusive evidence of negligence on his part, and if he were injured in consequence thereof he was not entitled to recover.

The third prayer of the defendant presented substantially the same proposition.

The ground upon which rests the responsibility of railway companies for the safe carriage of passengers, is that of contract; while the law casts upon the company the obligation of providing safe means of transportation and of employing skilful and competent agents, and it is responsible for the consequences of any failure or omission in this respect, as well as for the negligence of its agents, there is a mutual obligation imposed upon the passenger to observe the reasonable regulations of the company in entering, occupying and leaving the cars; and if a party be injured in consequence of a known violation of such regulations, unless compelled thereto by some existing necessity beyond his control, it is a breach of the contract on his part, and the company is not responsible. *The Pennsylvania R. R. Co. vs. Zebe,* 33 *Pa.,* 318. In such case the question of negligence on the part of

the passenger is a legal question for the Court to decide, and the defendant below was entitled to ask an instruction to the jury exempting it from liability upon their finding the facts stated in the third and sixth prayers.

Unlike the case where the facts from which negligence is to be inferred are controverted, or are numerous and complicated, and when no certain legal rule or standard can be laid down, and in which the question of negligence is necessarily one to be submitted to the jury. Here the legal duty imposed upon the plaintiff is clear and well defined, and the failure on his part to perform it if found by the jury would constitute negligence in law which would debar him from the right to recover.

For these reasons we think the Court below erred in refusing the third and sixth prayers of the defendant.

The fifth prayer of the defendant ought also to have been granted; because there was no evidence in the cause, that the driver had any knowledge of the purpose of the plaintiff's wife to get on the car as a passenger; nor any evidence to charge the defendant by reason of such purpose or intention on her part.

The fourth prayer of the defendant assumes as part of its hypothesis, that the regulation of the company by which the driver was prohibited from carrying a basket unless accompanied by a passenger was known to the plaintiff, of which there was no evidence; and for that reason was properly refused.    In other respects that prayer would have been free from objection.

For the same reason the seventh prayer of the defendant was also properly refused.

The instruction given by the Court to the jury was erroneous in several particulars.

1st. It submitted to the jury to find that the plaintiff got upon the platform of the car by the driver's permission.    It being contrary to the regulation of the company for him to get on the front platform, if that was known to him he would

have no legal right to violate it, and the company would not be bound by the act of the driver in giving him such permission.

2d. It submitted to the jury to find that the plaintiff's wife was following him with the intention of obtaining a seat in the car as a passenger. Without some knowledge brought home to the driver of such intention, of which as we have said there was no evidence, the company would not be chargeable on account thereof.

3d. It ignored altogether the effect of the regulation of the company, forbidding persons from entering or leaving the cars except by the rear platform, and the consequences to the plaintiff of violating that regulation with notice thereof, of which there was evidence. For these reasons the Court's instruction was erroneous.

The second prayer of the defendant which was granted and embraced in the Court's instruction, properly stated the law in denying to the plaintiff the right to recover, if his injury resulted in any degree from his own negligence. Such a general instruction submitted the whole question of negligence to the jury. But as we have before said, in a case like this where there was evidence of a breach of legal duty on the part of the plaintiff, causing the accident, which would constitute negligence in law on his part, the defendant was entitled to have specific instructions to the jury on that subject, and the Court having erroneously refused to grant them ; we cannot say such error was cured by an instruction, leaving to the jury in general terms, the question of negligence on the part of the plaintiff, without any specific rule to guide them in forming their verdict.

The judgment of the Superior Court must be reversed, with leave to the appellee to have a writ of procedendo.

> *Judgment reversed with leave to the*
> *appellee to have procedendo.*

(Decided 9th March, 1869.)