## ROGERS, BROWN & CO. *vs.* THE CITIZENS' NATIONAL BANK ET AL.

*Distribution of Assets of Insolvent Corporations—Creditors to Whom Preferred Stockholders had Assigned the Stock as Collateral Not Required to Deduct the Value Thereof from Their Claims Before Sharing with General Creditors—Effect of Agreement as to Facts Upon which a Cause is Tried.*

Preferred stock in a corporation was issued under Code, Art. 23, sec. 294 and constituted a lien on certain property. The holders of all of this stock endorsed upon the certificates an agreement that the preference created thereby should be waived and postponed to all claims against the corporation for money loaned to it by any of the banks of Baltimore. Certain banks loaned money to the corporation, taking as collateral security the preferred stock so endorsed. Subsequently the corporation became insolvent and receivers were appointed who sold most of the assets. Two funds were distributed in the auditor's accounts; first, those arising from the sale of the property upon which

the preferred stock was a lien, and secondly those arising from the sale of other assets available for general creditors, and the said banks were allowed dividends upon the full amount of their claims in the latter fund, and all of the former fund. Upon exceptions to the ratification of the accounts. *Held*, that the rule requiring a creditor of an insolvent who holds collateral security to deduct the value thereof from his claim before sharing with general creditors in the distribution of the assets is not applicable in this case, since the insolvent corporation did not itself furnish the collateral security, but the same was given to the banks by the preferred stockholders, and that consequently the accounts as stated were correct.

After a question arising upon exceptions to auditor's accounts was decided in the Court below and argued on appeal, under an agreed statement of facts setting forth that certain preferred stock had been regularly issued under the Code, a petition was filed in this Court asking that the cause may be remanded to the end that evidence may be taken to show that the stock was not regularly issued. *Held*, that the petition should be dismissed.

Appeal from an order of the Circuit Court of Baltimore City (RITCHIE, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*Richard K. Cross*, for the appellant.

*James M. Ambler* (with whom were *Barton, Wilmer & Stewart, George R. Willis* and *Allan McLane* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This controversy arises upon the distribution of the assets of the Campbell & Zell Company of Baltimore City, a corporation of the State of Maryland, and now in the hands of its receiver, Charles C. Homer, in the Circuit Court of Baltimore.

There is no dispute as to the facts of the case, and in so far as they bear upon the questions presented for our consideration, are set forth in the record by "an agreed statement of facts." The questions relate solely to the distribution of

the funds of the corporation among its creditors and which are now held by the receiver. The facts appear from the record to be as follows: The Campbell & Zell Company of Baltimore City, a body corporate, duly incorporated under the laws of Maryland, issued under Article 23, section 294, of the Code of Public General Laws, preferred stock to the amount of $50,000 on the 13th day of November, 1895. Subsequently, the funds derived from the issue of this stock were found to be inadequate to supply the necessary capital for the success of the corporation, and in order to obtain a loan from the banks of the city of Baltimore, all of the preferred stockholders consented to postpone their lien in favor of any of the banks of the city that would accommodate it.

On the 21st of April, 1896, the following endorsement was written on the face of each preferred stock certificate and signed by the holder: "The preference created by the issuing of this certificate over subsequent creditors of the corporation herein named is waived and postponed to any and all claims against said corporation for money which has been or may be loaned to said corporation by any of the banks of the city of Baltimore."

In consequence of this waiver of the security created by the preferred stock in favor of the banks of Baltimore, the Campbell & Zell Company was enabled to obtain a loan which now amounts in the aggregate to the sum of $46,690.54 from the three appellee banks, to wit: The Citizens' National Bank, the Second National Bank and the Manufacturers' National Bank of Baltimore. Subsequently this corporation became embarrassed, and on or about November 25th, 1896, upon a bill filed in the Circuit Court of Baltimore City by *George B. Hunting et al.* v. *The Campbell & Zell Company of Baltimore City*, alleging its insolvency, Henry James and Charles C. Homer were by the Court appointed receivers of the corporation. Henry James died on July 27, 1897, and Charles C. Homer, as surviving receiver, after conducting the business of the corporation for several years under direction of the Court, sold the greater part of its assets, but a portion still remains unsold

or uncollected. It appears, upon the reports of sales and collections made by the surviving receiver, and in the distribution of the assets of the company, the auditor of the Court stated three accounts, "A," "B" and "C" respectively. It is agreed that account A was an expense account, that no exceptions were filed to it, and it was ratified on the 30th of June, 1900. It is not in the record, but it is agreed that it finally ascertains a balance of $22,027.27 for distribution among "the general creditors" which is carried to and distributed in account B.

There is nothing in the record before us to show that any objection was made to this account in the Court below or that an appeal was taken from the order of its ratification. On the contrary it is admitted by the agreed statement of facts that no exceptions were filed to it in the Court below and it was ratified in regular order. The propriety then of the passing of this order of ratification is not before us and cannot be reviewed in this appeal. The audit when ratified and affirmed had the effect of an adjudication *in rem* and the distributions contained in it are *res adjudicata*. *Thurston* v. *Devecmon*, 30 Md. 210; *Owings* v. *Rhodes*, 65 Md. 408; *Taylor* v. *State*, 73 Md. 208; *Citizens' Land Company* v. *Wilson*, 50 Md. 90.

The remaining questions to be determined are presented by exceptions to accounts B and C, filed by the appellants, Messrs. Rogers, Brown & Company, who are general creditors, of the insolvent corporation to the extent of $4,688.32 for iron sold it. These appellants rely upon the following objections filed on June 22, 1900, to accounts B and C, first, because the auditor in stating account "B," has erroneously allowed dividends to the Citizens' National Bank, to the Second National Bank and to the Manufacturers' National Bank, upon the full amount of the claims of the banks, and interest thereon, as unsecured or general creditors of the Campbell & Zell Company ; second, because the auditor in stating account "C" has distributed to the above named banks, *pro rata*, the proceeds of the property subject to the lien of the preferred stock of the Campbell & Zell Company upon the basis of the claims of said banks and

interest, deducting therefrom the dividend improperly allowed upon said claims and interest, in account "B."

The exceptions were overruled by the Court below, and from the orders ratifying the accounts, this appeal has been taken. It is contended upon the part of the appellants, that the rule of law applicable to the distribution of the assets of the insolvent corporation in this case, required the auditor in stating the accounts, to first apply the funds, arising from the sale of the property upon which the preferred stock was a lien, to the payment of the claims of the banks; and then should have treated the banks as general creditors and as such entitled to a dividend only on the amount of their claims which remained after deducting the sums distributed to them from the proceeds of the property, subject to the lien of the preferred stock. And it is urged that this case falls within the rule laid down by this Court in the cases of *Third National Bank* v. *Lanahan*, 66 Md. 461, and *Union Bank* v. *Mechanics Bank*, 80 Md. 382, and that those cases settle this controversy. Now there can be no question as to the rule of law established by those cases, or that should control the distribution of the assets of an insolvent estate, where a creditor holds collateral security belonging to the debtor for his debt. All the cases hold that such creditor is not entitled to a dividend on the full amount of his claim, without deducting therefrom the value of the collateral security. The value of the security so held by the creditor should be credited on the claim before distribution is made and he is then entitled to share with the general creditors in the portion remaining, after deducting the amount received from the collateral.

The facts of this case are very different from those in *Third National Bank* v. *Lanahan* and *Union Bank* v. *Mechanics Bank*, *supra*. In the present case the effect of the decision of the Court in ratifying accounts B and C, can in no way impair the rights of the general creditors of the corporation, under the facts of the case. The statutory preferred stockholders did not by their waiver of the 21st of April, 1896, release or assign their lien to the banks, which they held on the property

of this corporation, but it was simply agreed, that it should be in the words of the endorsement on the certificate "waived and postponed" until the claims held by the banks were paid. It will also be observed, that the common debtor, The Campbell & Zell Company, did not furnish the security or collateral from which it is claimed the banks should be first paid, but that this security was furnished by the preferred stockholders themselves. In *Heller* v. *Marine Bank*, 89 Md. 617, it is said by this Court: "The General Assembly has in plain and unmistakable words declared that this particular kind of stock, the said preferred stock, shall be and constitute a lien on the company's property. No language could be more explicit and most certainly Courts have no authority to repeal or to disregard it. Stock issued under this Act is consequently a lien on the property of the company issuing it, and entitled to the preference which the statute gives it." The relation then of the banks to the Campbell & Zell Company, in this case was that of general creditor, and the statutory preferred stockholders, occupy the position under this waiver of sureties or guarantors to the bank. *Woollen* v. *Hillen*, 9 Gill, 185; *Hall* v. *Farmers' Nat. Bank*, 53 Md. 124; *Tuck* v. *Calvert*, 33 Md. 309.

The preferred stock having been issued in compliance with Art. 23, sec. 294, of the Code, the stockholders are creditors; and the stock a valid lien, as against all the creditors of the Campbell & Zell Company, except the banks. *Heller* v. *Marine Bank*, 89 Md. 609. Being of the opinion that accounts B and C were properly ratified, the orders of the Circuit Court of Baltimore City will be affirmed.

Since the argument of the case in this Court, on the 19th of April, 1901, the appellants have filed a petition alleging that since the appeal was taken and the record was made up, they have learned that the preferred stock was not issued in compliance with Art. 23, sec. 294, of the Code, and ask that the Court will remand the cause without affirming or reversing the order appealed from, under Art. 5, sec. 36, of Code; in order that evidence may be produced in support of the

same.  This petition was answered by the appellees objecting to the remanding of the cause, and stating certain reasons therefor.  It does not appear from the record that there was any question raised or passed on by the Court below, as to the regularity of the issuing of the preferred stock.  On the contrary, it is admitted by "the agreed statement of facts" filed in the case, that the stock was regularly issued under Art. 23, sec. 294, of the Code.  The petition will be dismissed.  *Gen. Ins. Co.* v. *U. S. Ins. Co.,* 10 Md. 518; *Stanley* v. *Safe Deposit Co.,* 87 Md. 459.

> *Orders affirmed, and petition of April*
> *30th, 1901, dismissed with costs.*

(Decided June 13th, 1901.)