EMPLOYERS' LIABILITY ASSURANCE CORPORA-
TION *v.* STATE, USE OF WILLIAM H. HUDGINS,
TRUSTEE.

[No. 25, April Term, 1931.]

*Decided June 11th, 1931.*

104

■■■■■■■■■■■■■■■■

The cause was argued before URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

J. Morfit Mullen, with whom was John H. Filler on the brief, for the appellant.

G. C. A. Anderson, with whom were Howard B. Stocksdale and Keech, Deming & Carman, on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court of Baltimore City overruling the demurrer of the appellant to the bill of complaint filed by the appellee to enforce the liability of the appellant as surety on the bond of O. Parker Baker, as assignee of a mortgage from Amelia Klotz and husband to Eleze F. Crawford.

The bill of complaint was filed in the name of the State of Maryland, for the use of William H. Hudgins, trustee in the case of O. Parker Baker, assignee, v. Amelia Klotz and Lewis Klotz, her husband, the appellee, against the Employers' Liability Assurance Corporation, Limited, appellant, and the Fidelity & Deposit Company of Maryland, a body corporate. The bill alleges that William H. Hudgins is the duly appointed trustee in certain proceedings now pending in the Circuit Court for Prince George's County, in equity, known as O. Parker Baker, assignee, v. Amelia Klotz and Lewis Klotz, her husband; that Hudgins succeeded Baker, assignee, and was appointed in his place and stead, and was authorized to collect all moneys due in said proceedings and account for disbursements of the same and, in

general, do all the acts and perform all the duties incident to said trusteeship in the same manner and to the same extent as Baker was authorized to do as assignee of the mortgage; that on April 13th, 1927, Baker instituted said proceedings to foreclose said mortgage; that the mortgaged property was sold under the direction of the Circuit Court for Prince George's County for the sum of $5,300, receipt of which was duly acknowledged by said Baker; that Baker was bonded by the Employers' Liability Assurance Corporation, Limited, in the sum of $5,300, by a bond executed on July 2nd, 1929; that Baker was also bonded by the Fidelity & Deposit Company of Maryland, in the sum of $2,500, by a bond executed on April 21st, 1927; that, after the filing of said bonds, an auditor's account was filed by Baker, accounting for the full sum of $5,300, but before this account was finally ratified Baker died, on December 28th, 1929, and thereafter, on March 6th, 1930, said account was finally ratified; that Baker defaulted in the performance of his duties as assignee, and upon demand on his estate it was discovered that it was insolvent, and that the $5,300 paid him was gone and no part thereof could be paid to plaintiff; that the Employers' Liability Assurance Corporation, Ltd., refused to pay the sum of $5,300 for which it was responsible; that the Fidelity & Deposit Company paid only $1,662.16, the amount claimed by it to be its allocated portion of the loss, and refused to pay more unless and until it was adjudicated that its distributive share of the loss was greater; that plaintiff has been authorized and directed by the Circuit Court for Prince George's County to institute suit on the bonds of said companies. The prayer of the bill is (a) that an order be passed ordering and directing the Employers' Liability Assurance Corporation, Limited, to pay plaintiff the amount of money, if any, due and owing to plaintiff under and by virtue of its bond; (b) that a like order be passed as to the Fidelity & Deposit Company; (c) for general relief. There were filed as exhibits copies of the said bonds, and copies certified by the clerk of the Circuit Court for Prince George's County of the mortgage and assignment, and of the following peti-

tions and orders and audit, in the foreclosure proceedings in said county, viz:

(1) Petition of First Mortgage Bond Association, Incorporated, and order of court thereon, in which petition it is alleged that the petitioner is the owner of said mortgage, it having been purchased by Baker with its funds on March 22nd, 1927, while Baker was its general counsel and treasurer, he taking the assignment of the mortgage in his own name; that on July 1st, 1929, the mortgage proceedings were referred to the auditor for the purpose of taking testimony and stating an account; that testimony was accordingly taken by the auditor and an account stated by him on October 16th, 1929, in which the rights of the petitioner as the proper owner of said mortgage were recognized, as were its rights to sundry other moneys advanced by it in connection with the property covered thereby; that on November 16th, 1929, Baker filed exceptions to said auditor's account, but, before a hearing thereof could be had, and before said proceedings were concluded, Baker died, on December 28th. The prayer of the petition is for the appointment of a trustee in the place of Baker, to the end that said proceedings may be brought to a conclusion, including arranging for the determination of the said exceptions, the collection of the proceeds of sale, and, eventually, the disbursement thereof to the parties entitled thereto. On said petition an order was passed on January 6th, 1930, appointing William H. Hudgins trustee, in the place and stead of O. Parker Baker, assignee of said mortgage, and authorizing said trustee "to collect all monies due in the said proceedings and account for and disburse the same in regular course and in general to do all acts and perform all duties included in the said trusteeship, in the same manner and to the same extent as the said O. Parker Baker was authorized to do as assignee of said mortgage."

(2) Petition of William H. Hudgins, trustee, and order of court thereon, in which petition it is alleged that, after the appointment of petitioner as trustee, and after ratification of the auditor's account, the petitioner made demand

upon the executrix of Baker, and upon the sureties upon the bonds furnished by him, for the amount shown by said account to be due by Baker in said proceedings; that "he has filed a claim against the estate of the said O. Parker Baker in the Orphans' Court of Baltimore City for the amount of $5,186.16, and liability therefor has not been denied, but the Employers' Liability Assurance Corporation, Ltd., the surety on the additional bond of $5,300 which said Baker furnished on July 2nd, 1929, pursuant to an order of court passed on June —, 1929, has denied any liability thereon, and has refused to make any settlement thereunder, claiming that Baker had already dissipated the moneys held by him as assignee, and supposed to be secured by the said bond, before the latter was written; that the Fidelity & Deposit Company of Maryland had admitted liability for the full amount of the bond written by it, namely, $2,500"; that petitioner is not prepared to admit the correctness of the legal position thus taken by the Employers' Liability Assurance Corporation, Limited. The prayer of the petition is that petitioner be authorized to enter suit upon said bond, and to employ counsel for that purpose. On this petition an order was passed on May 29th, 1930, authorizing and directing the petitioner to institute suit against the Employers' Liability Assurance Corporation, Limited, upon the bond furnished by said company as surety for Baker, and to employ counsel in said suit.

(3) Auditor's account, in which there is audited to First Mortgage Bond Homestead Association the sum of $4,452.45, and in which Baker is charged with proceeds of sale, $5,300 less real estate commissions, $259. This audit was finally ratified on March 6th, 1930, except as to certain real estate commissions and trustee's commissions amounting together to $531, which amount the trustee was directed to hold subject to the further order of court.

The grounds of the demurrer filed to the bill are: (1) That the suit is not brought in the name of, or to the use of, any person or persons entitled to sue either as obligee or beneficiary of the bond sued on, under the terms of the Maryland

statute and other law applicable thereto; (2) absence of allegations entitling plaintiff to relief prayed; (3) that the bill and exhibits show that the auditor's account has not been finally ratified, in that the $531 was held subject to the order of court.

The questions raised by appellant in its brief, are:

(1) As to the right of a substituted trustee in foreclosure proceedings to bring suit on the bond, when an auditor's account has been stated which definitely ascertains the beneficiaries entitled to the proceeds of the sale of the mortgaged property, and also fixes the exact amounts to which such beneficiaries are entitled.

(2) Can suit be brought on the bond until the auditor's account has been finally ratified, so as to make some disposition of certain commissions of $531, allowed in the account to Baker, but disallowed by the Circuit Court for Prince George's County, and held in suspense subject to its further order?

At the outset it may be said that the two objections raised by appellant are not entirely consistent with each other. In the first question it is assumed that the amounts to which the beneficiaries are entitled have been definitely ascertained; while in the second the fact that the rights of beneficiaries to the sum of $531 have not been definitely determined has been made a ground of objection to the suit now pending.

1. In this objection the right of the substituted trustee to bring this suit is challenged on the ground that, as substituted trustee, he has no real duties to perform, has no interest in the subject-matter, and is not a person entitled to sue. It is contended that the beneficiaries named in the auditor's account are the proper parties to sue; that, as Baker had already made the sale and had collected the purchase price, the substituted trustee has no duties to perform which could not be better performed by the real parties in interest; that, if these parties were suing here, then, as the Circuit Court of Baltimore City has before it both sureties, all of the rights of the parties, which are somewhat complicated, could be passed upon in the one action. But we fail to see

what advantage, in the matter of convenience or lack of cumbersomeness, a suit thus brought would have over the manner in which it was brought. Assuming, without deciding, that, by agreement between the beneficiaries, one suit could be brought by all of them in the name of the State of Maryland for their use, several difficulties would still present themselves; (a) There would have to be an agreement, otherwise each beneficiary would have to sue on his own account, which would result in as many suits as there were beneficiaries; (b) for the very reason that appellant states in his second objection, it has not been definitely ascertained what amount each beneficiary is entitled to in the entire amount sued for, and any one whose interest has not been definitely determined would not be in a position to sue on the bond. But the important question is, not what would be the better method of procedure, but whether the Circuit Court of Prince George's County had jurisdiction to appoint the substituted trustee and to direct him to institute this suit. If it had, that is an end of the controversy, as the action of the court cannot then be collaterally attacked. *Pomeroy, Equity Jur.,* vol. 1, page 154; *Stanley v. Safe Deposit & Trust Co.,* 87 Md. 450, 40 A. 53; *Ward v. Schlosser,* 111 Md. 528, 531, 75 A. 116; *Taylor v. Ramsay Co.,* 139 Md. 113, 124, 114 A. 830.

The petition for the appointment of a trustee in the place of the deceased assignee was filed by the party which was most largely interested in the fund, and which, according to the allegation of the petition, was the real owner of the mortgage which had been foreclosed. Before the death of Baker, an audit had been stated to which he had filed exceptions, which at the time of his death and the filing of the petition had not been heard, and the purpose of the appointment of the substituted trustee was to complete the distribution of the proceeds of sale. Of course, there can be no question of the validity of the appointment of the trustee or that at the time of his appointment there were important duties to be performed by him. Subsequently the audit was ratified, except as to commissions amounting to $531, which the trustee was directed to hold subject to the further order of court  This

sum so held was a part of the purchase money which the bonds were given to secure. .As to that amount, at least, there was no one except the trustee who could have brought suit. In these circumstances, we think there can be no question about the jurisdiction of the court to order the suit to be instituted to recover whatever amounts the bond might be held for. It is not necessary to decide here whether the court could have ordered the suit if an audit of the entire fund had been finally ratified. It is contended by appellant that, in such a case, the rights of the beneficiaries having been definitely ascertained, they would have to look out for themselves. Appellant cites a number of cases in this court where the proceedings were instituted by beneficiaries. But our attention has been called to no case where it was held it could be done in no other way. It would seem that the power of a court of equity would be unduly limited if it could not aid beneficiaries, from whom funds which should be in possession of the court are withheld by reason of the default of its own officer, by authorizing a substituted trustee by appropriate proceedings to recover those funds. *Dent v. Maddox,* 4 Md. 522, 529; *Thruston v. Blackiston, Trustee,* 36 Md. 501; *Gorsuch, Trustee, v. Briscoe,* 56 Md. 573.

The case of *Williams v. Fidelity & Deposit Co.,* 121 Md. 222, 88 A. 119, cited by appellant, has no application to the facts of this case. To hold that it was controlling here would be to hold that a court of equity could under no circumstances proceed through a substituted trustee without title to the subject-matter against the bond of a defaulting trustee to recover devastated funds. The case cited was a suit at law on an injunction bond. The question of protection of funds in the hands of an officer of the court was not involved.

We find no validity in this objection. It is true that beneficiaries cannot proceed against sureties on a bond until their rights have been ascertained by an audit duly ratified. But that principle has no application to a substituted trustee seeking to recover from sureties of a defaulter a sum shown to have been misappropriated by him. Why, for instance,

should an audit be necessary where the defaulting trustee has reported the receipt of the proceeds of sale?

Our conclusion is that, under the facts in this case, the appellee is within the class of "persons interested in such mortgaged property or the proceeds thereof," contemplated by the statute, codified as article 66, section 7, and was therefore entitled to institute this suit.

> *Order affirmed, and case remanded for further proceedings, with costs to appellee.*